JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
MIKAL HODGE AND NAKISHA HODGE, H/W

**DEFENDANTS**
THE UNITED STATES OF AMERICA
615 CHESTNUT STREET, SUITE 1250, PHILA. PA 19106

**(b)** County of Residence of First Listed Plaintiff: PHILA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: PHILA
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
NICHOLAS L. PALAZZO, ESQUIRE
2541 S. BROAD STREET, PHILA., PA 19148; 215-551-9099

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☒ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:
MOTOR VEHICLE ACCIDENT

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 250,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 08/10/2017

SIGNATURE OF ATTORNEY OF RECORD
NICHOLAS L. PALAZZO, ESQUIRE */s/ Nicholas L. Palazzo*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MIKAL HODGE AND<br>NAKISHA HODGE, h/w<br><br>vs.<br><br>THE UNITED STATES OF AMERICA<br>615 Chestnut Street, Suite 1250<br>Philadelphia, PA 19106 | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## COMPLAINT IN CIVIL ACTION – PREMISES LIABILITY

### PARTIES TO THE CASE

1. Plaintiffs sre husband and wife and adult individuals residing at 547 S Redfield Street Philadelphia, PA 19143.

2. Defendant, United States of America, is the Federal Government which can be served at the addresses listed above and at all times material hereto was the owner of and employed the operator of a certain Amtrak motor vehicle which was involved in the accident hereinafter described.

3. At all times material hereto, the United States of America was acting by and through its employees, agents and work persons, specifically, Amtrak employee, Robert Baxter Jr., who was driving and operating the vehicle that struck Plaintiff, Mikal Hodge as more fully set forth below.

4. The Defendant, United States of America is to be served at the following addresses: Attorney General Loretta Lynch, U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001, ATTN: Service Process Clerk; and to Zane

David Memeger, United States Attorney for the Eastern District of Pennsylvania, U.S. Attorney's Office, 615 Chestnut Street, Suite 1250, Philadelphia, PA 19106, ATTN: Service Process Clerk.

## JURISDICTION AND VENUE

5. Jurisdiction of this Court is based upon 28 U.S.C. Section 1346(b)(1) and 28 U.S.C. Section 2674.

6. This Court has proper venue pursuant to 28 U.S.C. Section 1402(b).

## FACTS OF THE CASE

7. On or about February 18th 2016 Plaintiff Mikal Hodge was in Philadelphia at a Sunoco Gas Station when his vehicle was struck by an Amtrak vehicle driven by Robert Baxter, Jr. Mr. Baxter negligently reversed his vehicle into the front of Mr. Hodge's vehicle causing damage to both vehicles and causing Mr. Hodge to sustain injuries as further detailed below.

8. Plaintiffs have attempted to negotiate the claim with Defendant's claim processor, Broadspire, however, the parties could not come to an agreement. In this regard, Plaintiffs have exhausted all administrative remedies available to them.

## COUNT I - NEGLIGENCE

### PLAINTIFF, MIKAL HODGE VS. DEFENDANT

9. Plaintiffs hereby incorporates all preceding paragraphs, inclusively, as if fully set forth at length.

10. Defendant's negligence consisted of the following: (1) failing to yield to traffic

with the right of way, (2) reversing without ensuring that it was safe to do so, (3) failing to abide by the assured and clear distance ahead rule, (4) reversing without looking, (5) traveling at an unreasonable speed under the circumstances.

11. At all times material the vehicle that caused the accident in question was not registered in the Commonwealth of Pennsylvania thereby establishing Plaintiff, Hodge as full tort pursuant to the PA Motor Vehicle Code.

12. As a direct and proximate result of Defendant's aforesaid negligence, Defendant, directly and proximately caused Plaintiff suffer serious and painful injuries, some of which are permanent in nature and which include but are not limited to the following: *sprains and strains in his spine, head injury, and a herniated disc in his spine requiring pain management intervention and care.*

13. As a direct and proximate result of the negligence and carelessness of Defendant, Plaintiff has been and may continue to be obliged to receive and undergo medical attention and care and to incur various expenses for the injuries he has suffered for an indefinite time in the future.

14. As a direct and proximate result of the negligence and carelessness of Defendant, Plaintiff, has suffered severe physical pain and mental anguish and may continue same for an indefinite time in the future.

15. As a direct and proximate result of the negligence and carelessness of Defendant, Plaintiff, has been prevented from attending to his usual duties and daily activities and verily believes that he may be prevented from same for an indefinite time in

the future.

16. As a direct and proximate result of the negligence and carelessness of Defendant, Plaintiff, has been prevented from attending to his usual duties and may have been caused to suffer a loss of wages and may be likely to suffer future loss of wages and has suffered a loss in his earning capacity.

**WHEREFORE,** Plaintiff, Mikal Hodge prays for judgment in his favor and against Defendant for a sum in excess of One Hundred and Fifty Thousand ($150,000.00) Dollars plus costs.

## COUNT II - LOSS OF CONSORTIUM

### PLAINTIFF, NAKISHA HODGE VS. UNITED STATES OF AMERICA

17. Plaintiff incorporates all preceding paragraphs as though fully set forth at length herein.

18. At the time of the accident in question Plaintiffs were married.

19. As a direct and proximate result of the negligence of Defendant, Plaintiff Joseph Burke was caused to suffer a loss of consortium, affection, assistance and companionship of his wife all to his great detriment and loss.

**WHEREFORE,** Plaintiff, NAKISHA HODGE prays for judgment in her favor and against Defendant, City of Philadelphia, joint and/or severally for a sum in excess of One Hundred and Fifty Thousand ($150,000.00) Dollars plus costs.

Respectfully Submitted,

DEFINO LAW ASSOCIATES, P.C.

DATED: 8/10/17

NICHOLAS L. PALAZZO, ESQUIRE
Attorney for Plaintiff
2541 S. Broad Street
Philadelphia, PA 19148
215-551-9099
215-551-4099
npalazzo@definolawyers.com

## VERIFICATION

I, MIKAL HODGE, the Plaintiff, herein verify that the facts contained in the attached Complaint in Civil Action are true and correct to the best of my knowledge, information and belief; and I realize that statements made herein are subject to the penalties of 18 Pa. C.S. § 4904, relating to unsworn falsification to authorities.

DATED: 8/10/17

_____
MIKAL HODGE